UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM J. FROBY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. 2:18-cv-00641-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff William J. Froby's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 16), filed October 9, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 22), filed December 10, 2018. Plaintiff did not file a reply.

### A. BACKGROUND

**1.   Procedural History**

On July 18, 2014, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, alleging an onset date of October 31, 2013. AR[1] 211, 461-67. Plaintiff's claim was denied initially, and on reconsideration. AR 211, 398-402, 407-12. A hearing was held before an Administrative Law Judge ("ALJ") on August 1, 2016. AR 333-69.

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 9).)

On December 19, 2016. the ALJ issued a decision finding Plaintiff was not disabled. AR 211-223. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-7. Plaintiff, on April 10, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF No. 1.

**2.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 23-24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of October 31, 2013. AR 213. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of major depressive disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 215. At step four, the ALJ found that the claimant has the residual functional capacity to perform the full range of work at all exertional levels but with the following nonexertional limitations: The claimant is able to perform simple, unskilled work, involving brief, superficial interaction with the general public on an infrequent basis, and could participate in typical, but superficial interactions with supervisors and coworkers while completing routine tasks. AR 217. The claimant is unable to perform any past relevant work. AR 221. Claimant was born on September 26, 1953 and was 60 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date. *Id.* The claimant has at least a high school education and is able to communicate in English. *Id.* Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills. *Id.* Considering the claimant's age, education, work experience and the residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id.* Accordingly, the claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2013 through the date of this decision. AR 222.

## B. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.     Analysis**

*a. Assessment of Plaintiff's Credibility*

Plaintiff moves to remand this matter because the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony. Plaintiff argues that he testified regarding the nature and extent of his condition, and the ALJ provided insufficient reasons to reject his testimony, and instead set forth boilerplate language in making his credibility determination and

1  indicating that the testimony is not credible because it lacks support in the objective medical
2  evidence. He also argues that the ALJ improperly based his rejection of Plaintiff's credibility on
3  Plaintiff's daily activities.[1] The Commissioner responds that Plaintiff set forth numerous specific
4  reasons to reject Plaintiff's testimony.

5        The Commissioner's regulations prohibit granting disability benefits based solely on a
6  claimant's subjective complaints. *See* 20 C.F.R. § 404.1529(a) ("statements about your pain or
7  other symptoms will not alone establish that you are disabled"). "An ALJ cannot be required to
8  believe every allegation of [disability], or else disability benefits would be available for the
9  asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603
10 (9th Cir. 1989). If the ALJ rejects the claimant's complaints, the ALJ must provide "specific,
11 cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting
12 *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).

13       The ALJ must state why the testimony is unpersuasive and must point to what specific
14 testimony or evidence undermines the claimant's testimony. *Morgan v. Comm'r of Soc. Sec.*
15 *Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Lester*, 81 F.3d at 834. Absent affirmative evidence
16 that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be
17 clear and convincing. *Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir.
18 2009). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of
19 medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d
20 676, 680 (9th Cir. 2005). This is because the lack of an objective medical basis is just one factor
21 in evaluating the credibility of a claimant's testimony and complaints. *Bunnell v. Sullivan*, 947
22 F.2d 341, 345 (9th Cir. 1991) (en banc).

23       The Ninth Circuit has upheld an ALJ's finding that a claimant's testimony is not credible
24 when the ALJ cited specific instances in the record supporting this determination. *See, e.g.,*
25 *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination

---

[1] The Commissioner correctly points out that the ALJ did not make a finding regarding Plaintiff's daily activities.

when he pointed out numerous lab results that contradicted his subjective complaints). *See also, Batson v. Comm'r of Soc Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2003) (ALJ's credibility determination upheld because the ALJ cited specific testimony from a doctor which contradicted the claimant's allegations). But the Ninth Circuit has also found general findings insufficient. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). If "evidence can support either affirming or reversing the ALJ's decision," this Court may not substitute its judgment for that of the ALJ's. *Id.* at 882.

The ALJ found that "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 218.

The ALJ assessed non-exertional work restrictions in recognition that Plaintiff's major depressive disorder caused some functional limitations. AR 217. In assessing Plaintiff's testimony, the ALJ considered four criteria: (1) the objective evidence did not support the extent of his claims; (2) Plaintiff's depression improved and became stable with treatment; (3) Plaintiff stopped mental health treatment, indicating he could cope with his symptoms with medication alone; and (4) Plaintiff's inconsistent statements about his functionality compared to his other reported activities undercut the persuasiveness of his allegations.

The ALJ determined that the objective medical evidence did not support the extent of Plaintiff's claims. AR 213-21. *See* 20 C.F.R. § 404.1529(c)(2), (4) (ALJ may use objective evidence to assess intensity and persistence of claimant's symptoms and how they may limit the ability to work); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (the ALJ properly discounted the claimant's subjective allegations by citing the conflict between his subjective complaints and the objective medical evidence). The ALJ reviewed the medical evidence in detail, noting that after the hospital released him in October 2013 for attempting suicide, his mental examinations were often normal, stable, or did not support increased functional limitations. AR 218. Plaintiff's therapist noted during nearly every monthly

appointment thereafter that Plaintiff's mood was stable and/or improved. AR 218-19. Plaintiff's improvement continued through June 2015, which was the last documented appointment with the therapist and psychiatrist, and the record does not document significant anxiety or panic attacks. *Id.*

Plaintiff testified that he could only stand for "a couple minutes" because of dizziness due to side effects of medication, but Plaintiff cites to no evidence which corroborates this claim. AR 348. *See Thomas*, 278 F.3d at 960 (although the claimant asserted that the ALJ improperly excluded medication side effects, she offered no objective evidence that her medications affected her concentration or caused dizziness, and the only evidence regarding these symptoms was her own subjective statements to her doctor and her testimony at the hearing). While the record shows Plaintiff had a "little tremor" in his hands from his anti-depression medication, the record does not support any other significant side effects. AR 218. The ALJ's consideration of the lack of objective evidence to support Plaintiff's claims was valid. Plaintiff does not refute the ALJ's discussion of the objective medical evidence or any other rationale the ALJ discussed in his decision.

The ALJ explained that treatment notes showed improvement with treatment despite Plaintiff's complaints of disabling symptoms. AR 218-19. The ALJ may consider a claimant's treatment history in considering the believability of his subjective complaints of disability. 20 C.F.R. § 404.1529(a) (ALJ may consider diagnosis, medical history, and prescribed treatment in evaluating a claimant's alleged symptoms). Here, the ALJ explained that the medication and/or therapy controlled and improved Plaintiff's depression. *Id. See* 20 C.F.R. § 404.1529(c)(3)(iv) (in considering severity and limiting effects of an impairment, the ALJ may consider the effectiveness of medication); *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("[i]mpairments that can be controlled effectively with medication are not disabling"). The ALJ explained that the Plaintiff did not receive any treatment from a mental health specialist since June 2015, indicating he was able to cope with his depression symptoms by merely taking medication prescribed by his primary care physician, Dr. Tatiano. AR 218-19.

The ALJ noted that Plaintiff provided inconsistent statements, claiming that he did not leave his home, but admitting at the hearing that he walked in his neighbor's pool five days a week, and evidence that in 2015, he went to the gym daily. AR 219. An ALJ may consider conflicts between a claimant's testimony, and the resolution of these conflicts is a function solely for the ALJ. *Molina*, 674 F.3d at 1112; *Bunnell*, 947 F.2d at 346 (inconsistent statements are one factor that can be used in determining a claimant's credibility).

The ALJ performed a detailed analysis of Plaintiff's alleged symptoms and gave valid reasons for finding Plaintiff's subjective testimony was not completely persuasive. AR 213-19. Accordingly, the ALJ provided clear and convincing reasons for rejecting the claimant's testimony. *Valentine,* 574 F.3d at 693. The ALJ's credibility analysis was supported by substantial evidence, and it is entitled to great deference. *See Parra*, 481 F.3d at 750 (questions of credibility and resolution of conflicts in the testimony are functions solely for the agency).

   *b. The ALJ's assessment of the medical evidence*

Plaintiff argues that the ALJ improperly rejected the medical evidence from the treating physicians Drs. Ho, Taitano, and Allen. He argues that Dr. Ho diagnosed a major depressive disorder with psychotic features, and opined that Plaintiff would not meet competitive standards to complete a normal workday without interruption from psychologically based symptoms, to work with others without distraction, respond appropriately to changes in routine work setting, deal with normal stress, and maintain socially appropriate behavior, and would have problems with maintaining attendance and sustain a normal routine without an unreasonable number of rests. Plaintiff further argues that Dr. Taitano's assessments of diabetes mellitus, hypertension, anxiety, and depression would cause Plaintiff to be absent from work more than four days per month. Finally, he notes that Dr. Allen's opinion is that Plaintiff is not able to perform work activity on a consistent basis. The Commissioner argues that the ALJ properly assessed the contradictory medical evidence.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who

neither examine nor treat the claimant (non-examining, or consulting, physicians). *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Thomas*, 278 F.3d at 957. Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews,* 53 F.3d at 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss,* 427 F.3d at 1216. If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id.* However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

The ALJ found Larry Allen, M.D.'s primary care physician's opinion had no probative value and rejected it because his opinion that Plaintiff cannot work and is permanently disabled is a conclusion reserved for the Commissioner. AR 219. *See*, 20 C.F.R. 404.1527(d); *Batson*, 359 F.3d at 1195 (treating physician's opinion not binding with respect to ultimate issue of disability). The ALJ further notes that Dr. Allen did not state any specific limitations and so his opinion is therefore not helpful in determining Plaintiff's RFC, and that his statement that Plaintiff cannot do desk work and is not socially capable of handling desk work is not supported by any evidence and is contrary to the evidence discussed in the decision. *Id.* Plaintiff does not argue with specificity why he believes the ALJ erred in weighing Dr. Allen's opinion. The ALJ's determination as to Dr. Allen is supported by clear and convincing reasons. *See Batson,* 359 F.3d at 1195 (ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole).

The ALJ explained that because he did not give Dr. Allen controlling weight, he considered the remaining opinions based upon a variety of factors. AR 219. Because the ALJ found that Plaintiff had no RFC physical impairments (a finding that Plaintiff did not contest) he did not consider Dr. Tatiano's opinion regarding Plaintiff's physical impairments to be supported. AR 220. The ALJ also explained that the objective medical evidence did not support Dr. Tatiano's conclusions. *Id.* Dr. Tatiano's physical examination findings were unremarkable, his treatment notes reflect Plaintiff denying depressive symptoms and a lack of abnormal mental exam finding. AR 214. The ALJ discounted Dr. Tatiano's conclusions because they were inconsistent with the record as a whole and appeared to reflect Plaintiff's subjective allegations. AR 220. *See Batson*, 359 F.3d at 1195 ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief and unsupported by the record as a whole, . . . or by objective medical findings") (citations omitted). The ALJ noted Dr. Tatiano did not explain why he thought Plaintiff would miss work so often, and the absence of objective support for Dr. Tatiano's opinion that Plaintiff, in sum, could not sustain fulltime work is a proper reason for rejecting this opinion. *See Morgan*, 169 F.3d at 602 ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where

those complaints have been 'properly discounted'" (quoting *Fair*, 885 F.2d at 605). Additionally, the ALJ properly rejected Dr. Tatiano's opinion that Plaintiff was incapable of even a low stress job due to anxiety and frequent panic attacks when the record did not document severe anxiety or frequent panic attacks. AR 220. Finally, the ALJ reasonably rejected Dr. Tatiano's opinion because he was not a mental health specialist. *Id*. The court finds that these reasons are clear and convincing.

The ALJ gave no weight to the opinion of treating psychiatrist, Dr. Ho. AR 220-21. The ALJ explained that Dr. Ho had not treated Plaintiff since June 2015, but he rendered his opinion in June 2016. AR 220. The ALJ found that the treatment records did not support Dr. Ho's report that Plaintiff experienced audio hallucinations and loss of concentration. AR 220. As with Dr. Tatiano, the ALJ found that Dr. Ho's assessment was inconsistent with the records, and it appeared to reflect Plaintiff's subjective complaints. Plaintiff provides no evidence to the contrary.

The ALJ explained that he gave greater weight to the opinions of the State agency physicians who agreed Plaintiff did not have a severe physical impairment because the medical evidence showed no significant limitations from a physical impairment. AR 213-15, 220. *See* 20 C.F.R. 404.1527(d)(iv) (the more consistent an opinion is with evidence of record, the more weight is given to that opinion). In addition, the ALJ properly gave more weight to the opinions of State agency psychiatric consultants who opined that despite Plaintiff's depression, he could perform simple, unskilled tasks with limited contact with others because that is consistent with the treatment history and objective medical findings. AR 220. *See* 20 C.F.R. 404.1527(d)(iv). Accordingly, the court finds that the ALJ properly assessed the medical opinions.

### C.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 16) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 22) be **granted.**

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 27, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE